**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| SABLE NETWORKS, INC. AND SABLE IP, LLC,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>PALO ALTO NETWORKS, INC.,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)　**Case No. 5:20-cv-00111-RWS**<br>)<br>)<br>)<br>)<br>)<br>) |

**PALO ALTO NETWORKS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO**
**SABLE NETWORKS, INC. AND SABLE IP, LLC'S COMPLAINT FOR PATENT**
**INFRINGEMENT**

Defendant Palo Alto Networks, Inc. ("Palo Alto Networks") hereby states the following as its answer to Plaintiffs Sable Networks, Inc. and Sable IP, LLC's (collectively, "Sable" or "Plaintiffs") Complaint, using the same numbering as in the Complaint. To the extent any allegation contained in this Answer is not specifically admitted, it is hereby denied. Palo Alto Networks further denies any allegation that may be implied or inferred from the headings of Sable's Complaint.

**INTRODUCTION**

1.　　Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and therefore denies the same.

2.　　Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and therefore denies the same.

3.      Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint and therefore denies the same.

4.      Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint and therefore denies the same.

5.      Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and therefore denies the same.

6.      Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and therefore denies the same.

7.      Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and therefore denies the same.

8.      Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and therefore denies the same.

9.      Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and therefore denies the same.

10.     Palo Alto Networks denies any "use of the inventions claimed in Sable's patent portfolio" and further denies that Plaintiffs are entitled to any damages. Palo Alto Networks is

without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 10 of the Complaint and therefore denies the same.

## SABLE'S PATENT PORTFOLIO

11.     Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and therefore denies the same.

12.     Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and therefore denies the same.

## THE PARTIES

### SABLE NETWORKS, INC.

13.     Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and therefore denies the same.

14.     Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and therefore denies the same.

15.     Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and therefore denies the same.

### SABLE IP, LLC

16.     Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and therefore denies

the same.

## PALO ALTO NETWORKS, INC.

17.    Palo Alto Networks admits it is a Delaware corporation, but denies its principal place of business is at 4401 Great America Parkway, Santa Clara, California 95054. Palo Alto Networks' principal place of business is at 3000 Tannery Way, Santa Clara, CA 95054. Palo Alto Networks admits that it can be served through its registered agent and that it is registered to do business in the State of Texas.  Palo Alto Networks denies the remaining allegations of Paragraph 17 of the Complaint.

18.    Palo Alto Networks admits that it sells and/or markets products throughout the United States, and that it has an office located at 3901 North Dallas Parkway, Plano, Texas 75093. Palo Alto Networks denies the remaining allegations of Paragraph 18 of the Complaint.

## JURISDICTION AND VENUE

19.    Palo Alto Networks admits that Sable's Complaint set forth an action purportedly arising under the patent laws of the United States, Title 35 of the United States Code. Palo Alto Networks denies any alleged infringement, denies that Sable is entitled to any of its requested relief, and denies the remaining allegations of Paragraph 19 of the Complaint.

20.    As it relates to this action only, Palo Alto Networks does not contest that this Court has personal jurisdiction over it. Palo Alto Networks does not waive the right to contest personal jurisdiction in any other action in this District. Palo Alto Networks admits that it has transacted business in this District. Palo Alto Networks denies that it has committed actions of infringement in this District or elsewhere. Palo Alto Networks denies the remaining allegations of Paragraph 20 of the Complaint.

21.     Palo Alto Networks admits that it is registered to do business in the State of Texas, has an office in the State of Texas, and has transacted business in this District. Palo Alto Networks denies that it has committed acts of direct or indirect infringement in this District. Palo Alto Networks denies that this District is the clearly more convenient venue for this action and seeks transfer of this action in its entirety to the Northern District of California. Palo Alto Networks denies the remaining allegations of Paragraph 21 of the Complaint.

22.     Palo Alto Networks admits that it has an office located at 3901 North Dallas Parkway, Plano, Texas 75093. Palo Alto Networks admits it employs full-time personnel in this District.  Palo Alto Networks denies the remaining allegations of Paragraph 22 of the Complaint.

23.     As it relates to this action only, Palo Alto Networks does not contest that this Court has personal jurisdiction over it. Palo Alto Networks does not waive the right to contest personal jurisdiction in any other action in this District. Palo Alto Networks admits that it has and does conduct business in the State of Texas but denies that any of its actions constitute acts of direct or indirect infringement. Palo Alto Networks denies the remaining allegations of Paragraph 23 of the Complaint.

24.     As it relates to this action only, Palo Alto Networks does not contest that this Court has personal jurisdiction over it. Palo Alto Networks does not waive the right to contest personal jurisdiction in any other action in this District. Palo Alto Networks denies the remaining allegations of Paragraph 24 of the Complaint.

## THE ASSERTED PATENTS

### U.S. PATENT NO. 6,977,932

25.     Palo Alto Networks admits that U.S. Patent No. 6,977,932 (the "'932 patent") on its face bears the title "System and Method for Network Tunneling Utilizing Micro-Flow State

Information" and lists a filing date of January 16, 2002. Palo Alto Networks admits that the '932 patent on its face states that it is subject to a 35 U.S.C. § 154(b) term extension of 815 days, but Palo Alto Networks does not waive the right to contest that extension. Palo Alto Networks admits that what appears to be a true and accurate copy of the '932 patent appears to be attached to Sable's Complaint as Exhibit A. Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 25 of the Complaint and therefore denies the same.

26.     The allegations of Paragraph 26 appear to attempt to interpret the scope of the '932 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 26 of the Complaint.

27.     The allegations of Paragraph 27 appear to attempt to interpret the scope of the '932 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 27 of the Complaint.

28.     The allegations of Paragraph 28 appear to attempt to interpret the scope of the '932 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 28 of the Complaint.

29.     The allegations of Paragraph 29 appear to attempt to interpret the scope of the '932 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 29 of the Complaint.

30.     The allegations of Paragraph 30 appear to attempt to interpret the scope of the '932 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 30 of the Complaint.

31.     The allegations of Paragraph 31 appear to attempt to interpret the scope of the '932 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 31 of the Complaint.

32.     The allegations of Paragraph 32 appear to attempt to interpret the scope of the '932 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 32 of the Complaint.

33.     The allegations of Paragraph 33 appear to attempt to interpret the scope of the '932 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 33 of the Complaint.

34.     The allegations of Paragraph 34 appear to attempt to interpret the scope of the '932 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 34 of the Complaint.

35.     Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint and therefore denies the same.

**U.S. PATENT NO. 7,012,919**

36.     Palo Alto Networks admits that U.S. Patent No. 7,012,919 (the "'919 patent") on its face bears the title "Micro-Flow Label Switching" and lists a filing date of December 8, 2000 and purports to be a continuation-in-part application of, and claim priority to, an application filed April 19, 2000. Palo Alto Networks reserves the right to contest the '919 patent is entitled to claim priority to the listed application. Palo Alto Networks admits that the '919 patent on its face states that it is subject to a 35 U.S.C. § 154(b) term extension of 1,069 days, but Palo Alto Networks does not waive the right to contest that extension. Palo Alto Networks admits that what appears to

be a true and accurate copy of the '919 patent appears to be attached to Sable's Complaint as Exhibit B. Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 36 of the Complaint and therefore denies the same.

37.     The allegations of Paragraph 37 appear to attempt to interpret the scope of the '919 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 37 of the Complaint.

38.     The allegations of Paragraph 38 appear to attempt to interpret the scope of the '919 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 38 of the Complaint.

39.     The allegations of Paragraph 39 appear to attempt to interpret the scope of the '919 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 39 of the Complaint.

40.     The allegations of Paragraph 40 appear to attempt to interpret the scope of the '919 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 40 of the Complaint.

41.     The allegations of Paragraph 41 appear to attempt to interpret the scope of the '919 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 41 of the Complaint.

42.     The allegations of Paragraph 42 appear to attempt to interpret the scope of the '919 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 42 of the Complaint.

43. The allegations of Paragraph 43 appear to attempt to interpret the scope of the '919 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 43 of the Complaint.

44. The allegations of Paragraph 44 appear to attempt to interpret the scope of the '919 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 44 of the Complaint.

45. The allegations of Paragraph 45 appear to attempt to interpret the scope of the '919 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 45 of the Complaint.

46. The allegations of Paragraph 46 appear to attempt to interpret the scope of the '919 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 46 of the Complaint.

47. The allegations of Paragraph 47 appear to attempt to interpret the scope of the '919 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 47 of the Complaint.

48. Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint and therefore denies the same.

**U.S. PATENT NO. 8,085,775**

49. Palo Alto Networks admits that U.S. Patent No. 8,085,775 (the "'775 patent") on its face bears the title "Identifying Flows Based on Behavior Characteristics and Applying User-Defined Actions" and lists a filing date of July 31, 2006. Palo Alto Networks admits that the '775 patent on its face states that it is subject to a 35 U.S.C. § 154(b) term extension of 467 days, but

Palo Alto Networks does not waive the right to contest that extension. Palo Alto Networks admits that what appears to be a true and accurate copy of the '775 patent appears to be attached to Sable's Complaint as Exhibit C. Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 49 of the Complaint and therefore denies the same.

50.     The allegations of Paragraph 50 appear to attempt to interpret the scope of the '775 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 50 of the Complaint.

51.     The allegations of Paragraph 51 appear to attempt to interpret the scope of the '775 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 51 of the Complaint.

52.     The allegations of Paragraph 52 appear to attempt to interpret the scope of the '775 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 52 of the Complaint.

53.     The allegations of Paragraph 53 appear to attempt to interpret the scope of the '775 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 53 of the Complaint.

54.     The allegations of Paragraph 54 appear to attempt to interpret the scope of the '775 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 54 of the Complaint.

55.     The allegations of Paragraph 55 appear to attempt to interpret the scope of the '775 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 55 of the Complaint.

56.     The allegations of Paragraph 56 appear to attempt to interpret the scope of the '775 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 56 of the Complaint.

57.     The allegations of Paragraph 57 appear to attempt to interpret the scope of the '775 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 57 of the Complaint.

58.     The allegations of Paragraph 58 appear to attempt to interpret the scope of the '775 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 58 of the Complaint.

59.     The allegations of Paragraph 59 appear to attempt to interpret the scope of the '775 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 59 of the Complaint.

60.     The allegations of Paragraph 60 appear to attempt to interpret the scope of the '775 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 60 of the Complaint.

61.     Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Complaint and therefore denies the same.

**U.S. PATENT NO. 8,243,593**

62.     Palo Alto Networks admits that U.S. Patent No. 8,243,593 (the "'593 patent") on its face bears the title "Mechanism for Identifying and Penalizing Misbehaving Flows in a Network" and lists a filing date of December 22, 2004. Palo Alto Networks admits that the '593 patent on its face states that it is subject to a 35 U.S.C. § 154(b) term extension of 1,098 days, but

Palo Alto Networks does not waive the right to contest that extension. Palo Alto Networks admits that what appears to be a true and accurate copy of the '593 patent appears to be attached to Sable's Complaint as Exhibit D. Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 62 of the Complaint and therefore denies the same.

63.     The allegations of Paragraph 63 appear to attempt to interpret the scope of the '593 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 63 of the Complaint.

64.     The allegations of Paragraph 64 appear to attempt to interpret the scope of the '593 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 64 of the Complaint.

65.     The allegations of Paragraph 65 appear to attempt to interpret the scope of the '593 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 65 of the Complaint.

66.     The allegations of Paragraph 66 appear to attempt to interpret the scope of the '593 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 66 of the Complaint.

67.     The allegations of Paragraph 67 appear to attempt to interpret the scope of the '593 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 67 of the Complaint.

68.     The allegations of Paragraph 68 appear to attempt to interpret the scope of the '593 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 68 of the Complaint.

69.     The allegations of Paragraph 69 appear to attempt to interpret the scope of the '593 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 69 of the Complaint.

70.     The allegations of Paragraph 70 appear to attempt to interpret the scope of the '593 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 70 of the Complaint.

71.     The allegations of Paragraph 71 appear to attempt to interpret the scope of the '593 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 71 of the Complaint.

72.     Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 72 of the Complaint and therefore denies the same.

**U.S. PATENT NO. 8,817,790**

73.     Palo Alto Networks admits that U.S. Patent No. 8,817,790 (the "'790 patent") on its face bears the title "Identifying Flows Based on Behavior Characteristics and Applying User-Defined Actions" and lists a filing date of September 23, 2011 and purports to be a continuation application of, and claim priority to, an application filed July 31, 2006. Palo Alto Networks reserves the right to contest the '790 patent is entitled to claim priority to the listed application Palo Alto Networks admits that what appears to be a true and accurate copy of the '790 patent appears to be attached to Sable's Complaint as Exhibit E. Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 73 of the Complaint and therefore denies the same.

74.     The allegations of Paragraph 74 appear to attempt to interpret the scope of the '790 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 74 of the Complaint.

75.     The allegations of Paragraph 75 appear to attempt to interpret the scope of the '790 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 75 of the Complaint.

76.     The allegations of Paragraph 76 appear to attempt to interpret the scope of the '790 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 76 of the Complaint.

77.     The allegations of Paragraph 77 appear to attempt to interpret the scope of the '790 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 77 of the Complaint.

78.     The allegations of Paragraph 78 appear to attempt to interpret the scope of the '790 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 78 of the Complaint.

79.     The allegations of Paragraph 79 appear to attempt to interpret the scope of the '790 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 79 of the Complaint.

80.     The allegations of Paragraph 80 appear to attempt to interpret the scope of the '790 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 80 of the Complaint.

81.     The allegations of Paragraph 81 appear to attempt to interpret the scope of the '790 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 81 of the Complaint.

82.     The allegations of Paragraph 82 appear to attempt to interpret the scope of the '790 patent and contain legal conclusions that require no answer. To the extent an answer is required, Palo Alto Networks denies any and all allegations of Paragraph 82 of the Complaint.

83.     Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 83 of the Complaint and therefore denies the same.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 6,977,932**

84.     Palo Alto Networks repeats and incorporates by reference each of the answers in paragraphs 1 though 83 above as if fully set forth herein.

85.     Palo Alto Networks admits that it designs, makes, sells, offers to sell, imports, and/or uses the products purportedly defined as "Palo Alto Networks '932 Products," but denies that any of these actions constitute acts of direct or indirect infringement. Palo Alto Networks denies the remaining allegations of Paragraph 85 of the Complaint.

86.     Palo Alto Networks denies the allegations of Paragraph 86 because they contain legal conclusions that require no answer, and/or contain phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Palo Alto Networks lacks sufficient information to form a belief as to the truth of the matters alleged.

87.     Denied.

88.     Paragraph 88 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 88.

89.     Paragraph 89 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 89.

90.     Paragraph 90 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 90.

91.     Paragraph 91 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 91.

92.     Paragraph 92 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 92.

93.     Paragraph 93 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 93.

94.     Palo Alto Networks admits its products are available throughout the United States but denies that it has committed any acts of direct or indirect infringement. Palo Alto Networks denies the remaining allegations of Paragraph 94.

95.     Palo Alto Networks admits its products are available throughout the United States, including in this District, but denies that it has committed any acts of direct or indirect infringement. Palo Alto Networks denies the remaining allegations of Paragraph 95.

96.     Denied.

97.     Denied.

98.     Palo Alto Networks admits it learned of the '932 patent from service of this Complaint or shortly thereafter, but denies that it has committed any acts of direct or indirect infringement. Palo Alto Networks denies the remaining allegations of Paragraph 98.

99.     Palo Alto Networks admits that on February 7, 2018 it filed a petition for *Inter Partes* Review of U.S. Patent No. 8,111,629. Palo Alto Networks admits the '775 patent was used

as a basis for invalidity, and that the '775 patent was discussed in that *Inter Partes* Review petition. Palo Alto Networks denies the remaining allegations set forth in Paragraph 99.

100.    Palo Alto Networks denies the allegations of Paragraph 100 of the Complaint in their entirety.

101.    Palo Alto Networks denies the allegations of Paragraph 101 of the Complaint in their entirety.

102.    Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 102 of the Complaint and therefore denies the same.

103.    Palo Alto Networks denies the allegations of Paragraph 103 of the Complaint in their entirety.

<u>**COUNT II**</u>
<u>**INFRINGEMENT OF U.S. PATENT NO. 7,012,919**</u>

104.    Palo Alto Networks repeats and incorporates by reference each of the answers in paragraphs 1 though 103 above as if fully set forth herein.

105.    Palo Alto Networks admits that it designs, makes, uses, sells, and/or offers to sell products and/or services in the United States. The remaining allegations of Paragraph 105 contain legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies these allegations of Paragraph 105 of the Complaint.

106.    Palo Alto Networks admits that it designs, makes, sells, offers to sell, imports, and/or uses the products purportedly defined as "Palo Alto Networks '919 Products," but denies that any of these actions constitute acts of direct or indirect infringement. Palo Alto Networks denies the remaining allegations of Paragraph 106 of the Complaint.

107.    Palo Alto Networks denies the allegations of Paragraph 107 because they contain legal conclusions that require no answer, and/or contain phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Palo Alto Networks lacks sufficient information to form a belief as to the truth of the matters alleged.

108.    Paragraph 108 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 108.

109.    Paragraph 109 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 109.

110.    Paragraph 110 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 110.

111.    Paragraph 111 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 111.

112.    Paragraph 112 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 112.

113.    Paragraph 113 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 113.

114.    Palo Alto Networks admits its products are available throughout the United States but denies that it has committed any acts of direct or indirect infringement. Palo Alto Networks denies the remaining allegations of Paragraph 114 of the Complaint.

115.    Palo Alto Networks admits its products are available throughout the United States, including in this District, but denies that it has committed any acts of direct or indirect infringement. Palo Alto Networks denies the remaining allegations of Paragraph 115 of the Complaint.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Palo Alto Networks admits it learned of the '919 patent at least from service of this Complaint or shortly thereafter, but denies that it has committed any acts of direct or indirect infringement. Palo Alto Networks denies the remaining allegations of Paragraph 119.

120.    Palo Alto Networks admits that on February 7, 2018 it filed a petition for *Inter Partes* Review of U.S. Patent No. 8,111,629. Palo Alto Networks admits the '775 patent was used as a basis for invalidity, and that the '775 patent was discussed in that *Inter Partes* Review petition. Palo Alto Networks denies the remaining allegations set forth in Paragraph 120.

121.    Palo Alto Networks denies the allegations of Paragraph 121 of the Complaint in their entirety.

122.    Palo Alto Networks denies the allegations of Paragraph 122 of the Complaint in their entirety.

123.    Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 123 of the Complaint and therefore denies the same.

124.    Palo Alto Networks denies the allegations of Paragraph 124 of the Complaint in their entirety.

## <u>COUNT III</u>
## <u>INFRINGEMENT OF U.S. PATENT NO. 8,085,775</u>

125.    Palo Alto Networks repeats and incorporates by reference each of the answers in paragraphs 1 though 124 above as if fully set forth herein.

126.    Palo Alto Networks admits that it designs, makes, uses, sells, and/or offers to sell products and/or services in the United States. The remaining allegations of Paragraph 126 contain legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies these allegations of Paragraph 126 of the Complaint.

127.    Palo Alto Networks admits that it designs, makes, sells, offers to sell, imports, and/or uses the products purportedly defined as "Palo Alto Networks '775 Products," but denies that any of these actions constitute acts of direct or indirect infringement. Palo Alto Networks denies the remaining allegations of Paragraph 127 of the Complaint.

128.    Palo Alto Networks denies the allegations of Paragraph 128 because they contain legal conclusions that require no answer, and/or contain phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Palo Alto Networks lacks sufficient information to form a belief as to the truth of the matters alleged.

129.    Paragraph 129 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 129.

130.    Denied.

131.    Paragraph 131 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 131.

132.    Paragraph 132 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 132.

133.    Paragraph 133 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 133.

134.    Paragraph 134 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 134.

135.    Paragraph 135 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 135.

136.    Paragraph 136 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 136.

137.    Paragraph 137 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 137.

138.    Paragraph 138 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 138.

139.    Paragraph 139 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 139.

140.    Palo Alto Networks admits its products are available throughout the United States but denies that it has committed any acts of direct or indirect infringement.  Palo Alto Networks denies the remaining allegations of Paragraph 140 of the Complaint.

141.    Palo Alto Networks admits its products are available throughout the United States, including in this District, but denies that it has committed any acts of direct or indirect infringement.  Palo Alto Networks denies the remaining allegations of Paragraph 141 of the Complaint.

142.    Denied.

143.    Denied.

144.    Palo Alto Networks admits it learned of the '775 patent at least from service of this Complaint or shortly thereafter, but denies that it has committed any acts of direct or indirect infringement.  Palo Alto Networks denies the remaining allegations of Paragraph 144.

145.     Palo Alto Networks admits that it knew of the '775 patent at least by February 7, 2018 when Palo Alto Networks filed a petition for *Inter Partes* Review of U.S. Patent No. 8,111,629.  Palo Alto Networks admits the *Inter Partes* Review petition discussed the '775 patent. Palo Alto Networks denies the remaining allegations of Paragraph 145 of the Complaint.

146.     Palo Alto Networks denies the allegations of Paragraph 146 of the Complaint in their entirety.

147.     Palo Alto Networks denies the allegations of Paragraph 147 of the Complaint in their entirety.

148.     Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 148 of the Complaint and therefore denies the same.

149.     Palo Alto Networks denies the allegations of Paragraph 149 of the Complaint in their entirety.

**COUNT IV**
**INFRINGMENT OF U.S. PATENT NO. 8,243,593**

150.     Palo Alto Networks repeats and incorporates by reference each of the answers in paragraphs 1 though 149 above as if fully set forth herein.

151.     Palo Alto Networks admits that it designs, makes, uses, sells, and/or offers to sell products and/or services in the United States. The remaining allegations of Paragraph 151 contain legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies these allegations of Paragraph 151 of the Complaint.

152.     Palo Alto Networks admits that it designs, makes, sells, offers to sell, imports, and/or uses the products purportedly defined as "Palo Alto Networks '593 Products," but denies

that any of these actions constitute acts of direct or indirect infringement. Palo Alto Networks denies the remaining allegations of Paragraph 152 of the Complaint.

153.    Palo Alto Networks denies the allegations of Paragraph 153 because they contain legal conclusions that require no answer, and/or contain phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Palo Alto Networks lacks sufficient information to form a belief as to the truth of the matters alleged.

154.    Paragraph 154 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 154.

155.    Palo Alto Networks admits its products are available throughout the United States but denies that it has committed any acts of direct or indirect infringement. Palo Alto Networks denies the remaining allegations of Paragraph 155 of the Complaint.

156.    Palo Alto Networks admits its products are available throughout the United States, including in this District, but denies that it has committed any acts of direct or indirect infringement. Palo Alto Networks denies the remaining allegations of Paragraph 156 of the Complaint.

157.    Denied.

158.    Paragraph 158 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 158.

159.    Paragraph 159 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 159.

160.    Paragraph 160 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 160.

161.    Paragraph 161 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 161.

162.    Paragraph 162 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 162.

163.    Denied.

164.    Denied.

165.    Palo Alto Networks admits it learned of the '593 patent at least from service of this Complaint or shortly thereafter, but denies that it has committed any acts of direct or indirect infringement.  Palo Alto Networks denies the remaining allegations of Paragraph 165.

166.    Palo Alto Networks admits that on February 7, 2018 it filed a petition for *Inter Partes* Review of U.S. Patent No. 8,111,629. Palo Alto Networks admits the '775 patent was used as a basis for invalidity, and that the '775 patent was discussed in that *Inter Partes* Review petition. Palo Alto Networks denies the remaining allegations set forth in Paragraph 166.

167.    Palo Alto Networks denies the allegations of Paragraph 167 of the Complaint in their entirety.

168.    Palo Alto Networks denies the allegations of Paragraph 168 of the Complaint in their entirety.

169.    Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 169 of the Complaint and therefore denies the same.

170.    Palo Alto Networks denies the allegations of Paragraph 170 of the Complaint in their entirety.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 8,817,790

171.    Palo Alto Networks repeats and incorporates by reference each of the answers in

paragraphs 1 though 170 above as if fully set forth herein.

172.    Palo Alto Networks admits that it designs, makes, uses, sells, and/or offers to sell

products and/or services in the United States. The remaining allegations of Paragraph 172 contain

legal conclusions to which no response is required; to the extent required, Palo Alto Networks

denies these allegations of Paragraph 172 of the Complaint.

173.    Palo Alto Networks admits that it designs, makes, sells, offers to sell, imports,

and/or uses the products purportedly defined as "Palo Alto Networks '790 Products," but denies

that any of these actions constitute acts of direct or indirect infringement. Palo Alto Networks

denies the remaining allegations of Paragraph 173 of the Complaint.

174.    Palo Alto Networks denies the allegations of Paragraph 174 because they contain

legal conclusions that require no answer, and/or contain phrases that are vague, ambiguous,

undefined, and/or susceptible to multiple different interpretations, and as a result, Palo Alto

Networks lacks sufficient information to form a belief as to the truth of the matters alleged.

175.    Paragraph 175 of the Complaint contains legal conclusions to which no response is

required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 175.

176.    Palo Alto Networks admits its products are available throughout the United States

but denies that it has committed any acts of direct or indirect infringement. Palo Alto Networks

denies the remaining allegations of Paragraph 176 of the Complaint.

177.    Palo Alto Networks admits its products are available throughout the United States,

including in this District, but denies that it has committed any acts of direct or indirect

infringement. Palo Alto Networks denies the remaining allegations of Paragraph 177 of the Complaint.

178. Denied.

179. Paragraph 179 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 179.

180. Paragraph 180 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 180.

181. Paragraph 181 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 181.

182. Paragraph 182 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 182.

183. Paragraph 183 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 183.

184. Paragraph 184 of the Complaint contains legal conclusions to which no response is required; to the extent required, Palo Alto Networks denies the allegations of Paragraph 184.

185. Denied.

186. Denied.

187. Palo Alto Networks admits it learned of the '790 patent at least from service of this Complaint or shortly thereafter, but denies that it has committed any acts of direct or indirect infringement.  Palo Alto Networks denies the remaining allegations of Paragraph 187.

188. Palo Alto Networks admits that on February 7, 2018 it filed a petition for *Inter Partes* Review of U.S. Patent No. 8,111,629. Palo Alto Networks admits the '775 patent was used

as a basis for invalidity, and that the '775 patent was discussed in that *Inter Partes* Review petition. Palo Alto Networks denies the remaining allegations set forth in Paragraph 188.

189.    Palo Alto Networks denies the allegations of Paragraph 189 of the Complaint in their entirety.

190.    Palo Alto Networks denies the allegations of Paragraph 190 of the Complaint in their entirety.

191.    Palo Alto Networks is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 191 of the Complaint and therefore denies the same.

192.    Palo Alto Networks denies the allegations of Paragraph 192 of the Complaint in their entirety.

## PRAYER FOR RELIEF

Palo Alto Networks denies that Sable is entitled to any relief from Palo Alto Networks, whether sought in the Complaint's Prayer for Relief or otherwise. Sable's Prayer for Relief should therefore be denied in its entirety and with prejudice, and Sable should take nothing from Palo Alto Networks. Palo Alto Networks further denies any allegations asserted under Sable's Prayer for Relief.

## JURY TRIAL DEMANDED

Palo Alto Networks admits that Sable has demanded a trial by jury.

## DEFENSES AND AFFIRMATIVE DEFENSES

Based upon information and belief, Palo Alto Networks asserts the following defenses and reserves the right to amend its defenses and to add additional defenses, including, but not limited to, any defenses revealed during discovery. Palo Alto Networks asserts its defenses as set forth

below. By pleading these defenses, Palo Alto Networks does not in any way agree or concede that Palo Alto Networks has the burden of proof or persuasion on any of these issues.

### First Defense
### (<u>Non-Infringement</u>)

Palo Alto Networks has not infringed any valid and enforceable claim of any of the patents asserted in the Complaint. Sable is not entitled to any relief on its patent infringement claims because Palo Alto Networks has not, and does not, infringe, induce infringement, or contributorily infringe, directly, indirectly, willfully or otherwise, the claims of the patents-in-suit literally or under the doctrine of equivalents, even assuming the claims are valid and enforceable.

### Second Defense
### (<u>Invalidity</u>)

One or more claims of the patents-in-suit are invalid, void, and/or unenforceable for failing to satisfy the conditions of patentability set forth in Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Defense
### (<u>Prosecution History Estoppel</u>)

Sable is estopped from construing the claims of the patents-in-suit to cover or include, either literally or by application of the doctrine of equivalents, the accused products to the extent that such construction or interpretation is contrary to admissions or statements made to the United States Patent and Trademark Office ("USPTO") during prosecution of the applications leading to the issuance of the patents-in-suit or applications related thereto, statements to the USPTO during post-grant proceedings related to the patents-in-suit, disclosures or statements in the specification of the patents-in-suit, and/or limitations in the claims of the patents-in-suit.

**Fourth Defense**
**(<u>Limitation on Damages and Costs</u>)**

Sable's alleged damages are limited under 35 U.S.C. §§ 286-288. For example, Sable cannot recover damages more than six years before the actual filing date of the operative complaint in this action. For another example, any claim for costs made by Sable is precluded under 35 U.S.C. § 288. As a further example, Sable has not satisfied its burden to show compliance with 35 U.S.C. § 287, including the marking requirements.

**Fifth Defense**
**(<u>Estoppel</u>)**

Sable is estopped from pursuing or interpreting the claims of the patents-in-suit in a manner contrary to any statements, representations, admissions, elections, positions, concessions, and filings made in any other proceeding concerning the patents-in-suit.

**Sixth Defense**
**(<u>No Willful Infringement</u>)**

Sable is not entitled to damages under 35 U.S.C. § 284 because Palo Alto Networks has not intentionally, willfully, or deliberately infringed any claim of the patents-in-suit.

**Seventh Defense**
**(<u>Government Sales</u>)**

Any claim for damages made by Sable is limited under 28 U.S.C. § 1498(a) to the extent the accused products were sold to the United States or used or manufactured by or for the United States.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Palo Alto Networks respectfully requests that the Court grant the following relief:

A.  a finding in favor of Palo Alto Networks and against Sable;

B.  a finding that Sable is not entitled to any of its requested relief;

C.  a finding that the claims of the patents-in-suit are invalid;

D.  a finding that Palo Alto Networks has not infringed the patents-in-suit;

E.  a finding that Sable's pursuit of this case is exceptional pursuant to 35 U.S.C. § 285;

F.  an award to Palo Alto Networks of its costs and attorneys' fees incurred in this action; and

G.  a grant of such other and further relief as the Court may deem just and proper.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Palo Alto Networks hereby demands a trial by jury on all issues so triable.

DATED: August 24, 2020                    Respectfully submitted,

By: */s/ Michelle L. Marriott*
Michelle L. Marriott
Eric A. Buresh
ERISE IP, P.A.
7015 College Blvd., Suite 700
Overland Park, Kansas 66211
(913) 777-5600 Telephone
(913) 777-5601 Facsimile
michelle.marriott@eriseip.com
eric.buresh@eriseip.com

**GILLAM & SMITH LLP**
Melissa R. Smith
(Texas Bar No. 24001351)
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Defendant Palo Alto Networks, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on August 24, 2020 a copy of the foregoing document was served upon all counsel of record who are deemed to have consented to electronic service.


*/s/ Melissa R. Smith*
Melissa R. Smith